## W. A. LAWSON v. STATE.

No. A-4932.　Opinion Filed Dec. 15, 1924.

(231 Pac. 94.)

(Syllabus.)

1. **Appeal and Error—Affirmance—Failure to File Brief or Argue.** In a homicide case, where a defendant appeals from a judgment of conviction on a duly certified transcript of the record proper, and no briefs are filed or argument presented, this court will make an examination of the record and, if no error is apparent, will affirm the judgment.

2. **Appeal and Error—Grounds for New Trial not Reviewed in Absence of Transcript of Testimony or Bill of Exceptions.** In the absence of a transcript of the testimony or bill of exceptions, duly signed, this court will not review the grounds of motion for a new trial.

Appeal from District Court, Murray County; W. L. Eagleton, Judge.

W. A. Lawson was convicted of manslaughter in the first degree, and he appeals. Affirmed.

H. W. Fielding, for plaintiff in error.

The Attorney General and E. W. Fagan, Co. Atty., for the State.

DOYLE, J. The plaintiff in error was convicted of manslaughter in the first degree on an information which charged that in Murray county, on or about the 4th day of April, 1922, W. A. Lawson did on said day and date in said county and state kill and murder one W. D. Hucks by shooting him with a pistol.

On the trial the jury returned a verdict finding him guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the state penitentiary for the term of four years.

Motion for new trial was duly filed, and on May 25, 1923, the same was overruled and judgment rendered in pursuance of the verdict. On November 24, 1923, a petition in error, with transcript of the record proper, duly certified by the court clerk was filed in this court, but there has been no appearance on his appeal. The only error assigned is "that the court erred in overruling the motion of the defendant for a new trial."

The grounds of the motion for a new trial are: Error of the court in admitting incompetent, irrelevant and immaterial testimony on the part of the state; errors of law occurring at the trial and duly excepted to; that the verdict is contrary to law and to the evidence; newly discovered evidence, material to his defense.

Counsel for the state have filed a motion to dismiss the appeal or affirm the judgment, because, although time to prepare and serve a case-made was duly allowed and extensions of time granted, no transcript of the testimony was made and no case-made was ever served, and the appeal is without merit. To this motion there is no response.

We have carefully examined the record before us, and we have discovered no error which will warrant a reversal of the judgment. Without a transcript of the evidence we are unable to review the grounds of the motion for new trial. The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.